JORDON *v.* MAXWELL, WARDEN.

[Cite as Jordon v. Maxwell, Warden, 3 Ohio St. 2d 115.]

(No. 39392—Decided July 14, 1965.)

*Mr. Johnnie B. Jordon*, in propria persona.

*Mr. William B. Saxbe*, attorney general, and *Mr. William C. Baird*, for respondent.

*Per Curiam.* In this action, petitioner is attacking both his 1960 and 1963 convictions.

In relation to his 1960 conviction, petitioner contends that he was interrogated by the police after he was charged, during which time he made incriminating statements which were used against him at his trial. He contends that this interrogation was made without the court advising him of his right to remain silent and that the statements could be used against him, and that the interrogation was made and statements were obtained without counsel being present. The statements made by petitioner were that the check had been given to him in return for certain work he had performed. In other words, he admitted cashing the check but denied forging it. Inasmuch as this was his defense at his trial no prejudice resulted from the use of these statements during the trial.

In relation to both his 1960 and 1963 convictions, he urges that his rights were violated because he was not represented by counsel at the preliminary hearing or arraignment. In both cases, the record shows that petitioner was represented by counsel, at his trial in 1960 and at the time he pleaded guilty to the information in 1963.

There is nothing in the evidence which shows that anything occurred prior to the appointment of counsel in either of these cases which acted to prejudice petitioner or that petitioner suffered any prejudice as a result of lack of counsel prior to his arraignment.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.